# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 16, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

136829

CASTLE INVESTMENT COMPANY,
         Plaintiff-Appellant,

v                                                          SC: 136829
                                                           COA: 278075
                                                           Wayne CC: 98-836330-CZ
CITY OF DETROIT,
         Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the June 17, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent and would grant leave to appeal to consider the significant constitutional issues presented by this case.

Plaintiff challenged the validity of inspections under a city of Detroit ordinance that required inspections of one- and two-family homes before the homes could be sold. The ordinance authorized the Buildings & Safety Engineering Department (BSED) to perform inspections pursuant to guidelines developed under the Detroit City Code:

> The department shall prepare a list of inspection guidelines to be used in inspection relating to the enforcements of this article. The guidelines shall constitute the complete scope of repairs required for issuance of the certificate or to be noted in an inspection report. *The guidelines shall not be effective until approved by city council.* [Detroit Ordinance 124-H, § 26-3-6 (emphasis added).]

Plaintiff asserted that the inspections performed were invalid, because the city council never approved any guidelines. Defendant, city of Detroit, argued that the provision regarding the city council's approval violated the city charter's separation of powers, and thus the inspections performed pursuant to guidelines promulgated by the BSED were

proper.[1] After a lengthy procedural history in which this case was remanded by this Court to the Court of Appeals, and then remanded by the Court of Appeals to the trial court, various constitutional issues are now presented to this Court by plaintiff's application.

First, the Court of Appeals held that the approval provision "permits interference with delegated rulemaking authority short of ordinance or resolution by simply doing nothing." *Castle Investment Co v City of Detroit*, unpublished opinion per curiam of the Court of Appeals, issued March 15, 2005, at 3 (Docket No. 224411). I believe that this holding warrants further review. The city council expressly reserved its power to legislate by enacting an ordinance that relied on future legislative action. That is, without the city council's approval of the guidelines, inspections could not be performed at all pursuant to the ordinance. I would consider on appeal whether the approval provision affirmatively interfered with the *executive's* power to enforce the ordinance, or merely rendered the ordinance inoperative absent further *legislative* action. See *Blank v Dep't of Corrections*, 462 Mich 103, 130 (2000) (Markman, J., concurring in result).

Second, the Court of Appeals cited *Blank* in holding that the approval provision violated the city charter by not *requiring* the city council to vote on any guidelines once proposed, asserting that this would allow the city council to legislate independently of the mayor's veto power. In *Blank*, this Court invalidated provisions in the Administrative Procedures Act (APA) that required the executive to submit administrative rules to a joint committee of the Legislature before adopting the rules. The joint committee could approve the rules, or it could reject the rules and refer the rules to the Legislature for a concurrent resolution adopting or rejecting the rules. This Court, in a divided opinion, concluded that the APA provisions violated the constitution's enactment and presentment clauses, *id.* at 122, because neither the joint committee's approval nor the Legislature's concurrent resolution would comply with the constitution's requirements that all laws be in the form of bills and all bills be presented to the executive. Const 1963, art 4, §§ 22, 33. I am not convinced that *Blank* compels the invalidation of the instant ordinance because the approval provision does not indicate that the city council's approval would *not* itself be submitted to the mayor, Detroit Charter, art IV, ch I, § 4-119 (requiring "[e]very ordinance or resolution of the city council" to be presented to the mayor). More fundamentally, however, I remain concerned that *Blank*, and the lower courts in this case, have turned traditional separation of powers concepts on their heads. See *Blank*, *supra* at 130-153 (Markman, J., concurring in result).

---

[1] The Detroit City Charter states that the city council "is the city's legislative body," and the mayor is the "chief executive of the city." Detroit Charter, art IV, ch I, §§ 4-101, 5-101.

Third, I believe that the Court of Appeals' severance of the approval provision from the ordinance should be reviewed. This action raises a significant question regarding the separation of powers. The city council exercised its legislative power by enacting an ordinance. This ordinance manifests clearly the extent to which the city council intended to delegate rulemaking authority to the executive branch. By severing a provision of the ordinance that reserved a residue of legislative power with the city council (the only institution of government that could properly exercise the legislative power, cf. Const 1963, art 4, § 1), the Court of Appeals may have transformed that which was delegated by the city council from proper rulemaking authority into improper legislative power. Cf. Const 1963, art 3, § 2.

Finally, assuming that the Court of Appeals correctly held that the approval provision violated the city charter's separation of powers, and properly severed this provision, I believe that the delegation of rulemaking authority under the ordinance should be examined to determine whether the delegation provided to the executive branch a sufficient standard by which to exercise this authority. Such a delegation must:

> [P]rovide[] sufficient standards as reasonably precise as the subject matter requires or permits, so that the rulemaking authority can be construed as conferring administrative not legislative power and as vesting discretionary, not arbitrary authority. [*Blank, supra* at 136 n 7 (Markman, J., concurring in result) (citations and quotation marks omitted).]

The guidelines, as originally enacted, were "designed to cover minimum health and safety standards." Detroit City Council Minutes, 566-67 (March 19, 1976). Whether this sufficiently comports with constitutional standards also merits review, in my judgment.

HATHAWAY, J., not participating. To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 16, 2009

p0113

Clerk